Andres **PEREZ ZAMORA**, Petitioner,

v.

Alberto **GONZALES**, Attorney General, Respondent.

No. 03–72398, A72–120–297.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 14, 2005.

Decided Feb. 22, 2005.

Martin Resendez Guajardo, Esq., Law Office of Martin Resendez Guajardo, San Francisco, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, OIL, Michele Y.F. Sarko, Attorney, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before THOMAS, GRABER, and PAEZ, Circuit Judges.

## MEMORANDUM *

Andres Perez Zamora, a native and citizen of Mexico, petitions for review of a decision of the Board of Immigration Appeals ("BIA") denying Zamora's request to remand to apply for cancellation of removal. We have jurisdiction, *see* 8 U.S.C.

---

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3. Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

§ 1252(a)(1), (b), and we deny Zamora's petition.

We review the BIA's decision not to remand under the deferential abuse of discretion standard. *Malhi v. INS,* 336 F.3d 989, 993 (9th Cir.2003). After a careful review of the record and consideration of the arguments of counsel, we conclude that the BIA did not abuse its discretion. Zamora could have applied for cancellation of removal at the time of his initial immigration hearing, but he did not do so. The fact that he obtained some documentary evidence to support a cancellation application after the initial hearing does not constitute a "changed circumstance" justifying relief. The essential facts and law underlying Zamora's asserted eligibility for cancellation of removal were known to him at the time of his initial hearing. Nothing prevented him from supporting an application by his own testimony or the submission of other available evidence at the time of the initial hearing. The BIA did not abuse its discretion in declining to remand.

Zamora also argues that the immigration judge violated Zamora's right to due process by failing to inform him of his eligibility for cancellation of removal. However, Zamora did not present this argument to the BIA. Thus, he has failed to exhaust his administrative remedies, and we cannot consider his argument. 8 U.S.C. § 1252(d)(1) (2000) (allowing courts to review removal orders only if the alien has exhausted all administrative remedies available to the alien as of right).

PETITION DENIED.